IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LOIS D. WILLIAMS, WILLIAM E. HART,
VONDA L. HARRIS, GERALD J. MILLIONE,
MARY-GWYNNE M. MILLIONE AND
ALL OTHERS SIMILARLY SITUATED                                                PLAINTIFFS

V.                                                                      CIVIL ACTION NO. 2:02CV194-B-B

FIRST AMERICAN TITLE INSURANCE
COMPANY                                                                             DEFENDANT

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion to dismiss for lack of subject matter jurisdiction. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background

The plaintiffs in this case each purchased and financed a home in Mississippi, and each obtained a title insurance policy from the defendant, First American Title Insurance Company, to insure his or her mortgage lender. The attorneys who represented the plaintiffs at the closings of these real estate transactions also served as the title insurance agents.

An attorney serving as a First American title agent typically retains seventy percent of the premium charged for the title insurance policy as his commission and remits the remaining thirty percent to First American. The plaintiffs allege that a First American volume-based bonus program permitted an agent to raise his commission to seventy-three percent if he remitted a total of $25,000 in net premium to First American in a year or to seventy-five percent if he achieved $50,000 or more in net premium in a year.

The plaintiffs allege that the defendant violated Section 8 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, which regulates the provision of real estate settlement service involving federally related mortgage loans. Section 2607(a) prohibits the giving or receiving of "any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." Section 2607(b) proscribes the giving or receiving of "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed."

The complaint contains no allegation that the plaintiffs paid more in title insurance premiums because of the volume-based bonus program. First American title agents charge a premium fixed by a standard rate schedule incorporated by First American into its agency agreement with each agent. First American has not changed its rates since 1999.

The plaintiffs allege statutory damages. Section 8(d)(2) of RESPA, 12 U.S.C. § 2607(d)(2), permits a person who has suffered a RESPA violation to recover three times the settlement service fee "involved in the violation." The plaintiffs cite to this provision rather than alleging any injury in fact. In their depositions, the plaintiffs have unequivocally conceded that they know of no way they have been harmed or damaged by the alleged volume-based incentive program or by any conduct of First American apart from the RESPA provision for treble damages.

Asserting that the plaintiffs lack standing and that the court lacks subject matter jurisdiction, the defendant has moved to dismiss.

Analysis

To establish standing under Article III, a civil litigant must assert an actual or threatened injury. *Trinity Indus., Inc. v. Martin*, 963 F.2d 795, 798 (5th Cir.1992). The facts alleged must be clear and specific to satisfy Article III's standing requirements. A federal court cannot embellish otherwise deficient allegations of standing to create jurisdiction. *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990). At a minimum, Article III requires that a private litigant suing in federal court must have suffered an actual or threatened injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Without actual or threatened injury, the plaintiff has no case or controversy sufficient to confer jurisdiction on the federal court. Even in cases alleging statutorily-created causes of action, the plaintiffs "still must show actual or threatened injury of some kind to establish standing in the constitutional sense." *O'Shea v. Littleton,* 414 U.S. 488, 495, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1975); *Morales v. Attorneys' Title Ins. Fund,* 983 F. Supp. 1418 (S.D.Fla.1997) (dismissing RESPA claim on standing grounds when plaintiffs paid nothing more than the lawful rate for title insurance). Certainly Congress may create enforceable statutory rights, the defendant's invasion of which confers on the plaintiff standing to sue. As noted by the Supreme Court:

> The actual or threatened injury required by Art. III may exist solely by virtue of "statutes creating legal rights, the invasion of which creates standing . . . ." *See Linda R.S. v. Richard D.*, *supra*, 410 U.S., at 617 n.3, 93 S. Ct., at 1148; *Sierra Club v. Morton,* 405 U.S. 727, 732, 92 S. Ct. 1361, 1364, 31 L. Ed. 2d 636 (1972). Moreover, the source of the plaintiff's claim to relief assumes critical

3

> importance with respect to the prudential rules of standing that, apart from Art. III's minimum requirements, serve to limit the role of the courts in resolving public disputes. Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief.

*Warth v. Seldin,* 422 U.S. 490, 500, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

A Texas district court has previously addressed the precise issue before the court in this case: whether Congress intended to allow a private plaintiff to sue for an alleged violation of RESPA's anti-kickback provision when the plaintiff has failed to allege that the referral arrangement increased any of the settlement charges at issue. *Moore v. Radian Group, Inc.*, 233 F. Supp. 2d 819, 824 (E.D. Tex. 2002), *aff'd without opinion*, 69 Fed. Appx. 659, 2003 WL 21356062 (5th Cir. 2003). The court found that RESPA § 2607 does not create any independent statutory right aside from the right to recover for being overcharged in connection with the purchase of title insurance or settlement services. *Moore*, 233 F. Supp. 2d at 820-821. The Fifth Circuit affirmed the district court's ruling without written opinion. Subsequently, other courts have held in accordance with *Moore. See, e.g.*, *Mullinax v. Radian Guar., Inc.*, 311 F. Supp. 2d 474 (M.D.N.C. 2004) (dismissing borrowers' RESPA claims for lack of standing and failure to plead details of purported kickback scheme with sufficient particularity).

The plaintiffs in the present case have not alleged that they were overcharged for their title insurance premiums as a result of First American's volume-based bonus program.[1] Not only have the plaintiffs failed to allege any injuries in fact, they have testified in depositions that they

---

[1] In a proposed second amended complaint, the plaintiffs now attempt to allege that they were overcharged, but leave to file this complaint has been denied by the Magistrate Judge. Further, this attempt to amend contradicts the plaintiffs' deposition testimony establishing that no plaintiff suffered an injury in fact as a result of First American's bonus program.

4

know of no way they were harmed by First American's volume-based bonus program. As addressed above, RESPA does not create any statutory right aside from the right to recover for being overcharged in connection with the purchase of title insurance or settlement services. The plaintiffs were not overcharged for their title insurance premiums, and they are not entitled to any alleged statutory damages. For these reasons, the plaintiffs lack standing to sue. The court finds that it lacks subject matter jurisdiction, and the case must be dismissed.

## Conclusion

For the foregoing reasons, the court finds that the defendant's motion to dismiss for lack of subject matter jurisdiction is well-taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 12th day of September, 2005.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**